FILED

JUN 1 0 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                               Criminal Action No. 2:15-cr-2-1

CHAD ALLEN WORKMAN,
    Defendant.

## ORDER/OPINION

This matter is before the Court pursuant to Defendant Chad Allen Workman's "Motion for Bill of Particulars with Respect to Count 1 and Count 2 of the Indictment" and memorandum in support, filed on June 1, 2015. (Docket Nos. 88 and 89.) The Government filed its response on June 8, 2015. (Docket No. 91.) After reviewing the motion and response, the undersigned has determined that a hearing is unnecessary for disposition of Defendant's motion.

### I.   Relevant Procedural History

On March 3, 2015, the Grand Jury returned an Indictment against Defendant and his three (3) co-defendants. (Docket No. 1.) Defendant was charged with a marijuana conspiracy, money laundering, maintaining a drug-involved premises, possession with intent to distribute marijuana, possession of an unregistered machine gun, and possession of a firearm by an unlawful drug user.

On March 17, 2015, the Government filed a motion to designate this matter as a complex case. (Docket No. 41.) United States District Judge John Preston Bailey granted that motion on March 18, 2015. (Docket No. 43.) On March 26, 2015, Judge Bailey entered a Scheduling Order in this matter. (Docket No. 54.) In that Scheduling Order, Judge Bailey directed that all pretrial motions be filed by June 1, 2015. Trial in this matter is set to begin with jury selection on September 1, 2015.

## II. Contentions of the Parties

Defendant argues that it is "impossible" for him "to prepare for trial given the broad allegations without the government further identifying the overt acts committed by [him]." (Docket No. 89 at 2.) He asserts that he "should not have to waste precious pre-trial preparation time guessing which alleged transactions he has to defendant against or who may be a witness against him at trial." (Id. at 2-3.)

As to Count One, which charges him with a marijuana conspiracy, Defendant requests that the Government identify:

1. Specific dates in or about 2000, to on or about December 11, 2014 of the alleged conspiracy;

2. More specific detail regarding locations of the alleged conspiracy other than "in or near Randolph County";

3. The alleged overt acts, statements, and events not listed in the indictment upon which the government may rely on at trial to prove that Mr. Workman "did knowingly and willfully combine, conspire, confederate and agree" to distribute and to possess with intent to distribute marijuana;

4. The alleged facts establishing Mr. Workman's knowledge of the conspiracy;

5. The alleged overt acts of Mr. Workman in planning the conspiracy;

6. The alleged overt acts of Mr. Workman in carrying out the conspiracy.

(Id. at 3.) As to Count Two, which charges him with money laundering, Defendant requests that the Government provide:

1. Specific dates that the government alleges Mr. Workman "did knowingly combine, conspire, and agree with another person" to conduct or attempt to conduct "financial transactions affecting interstate commerce";

2. The name of "another person" the government alleges Mr. Workman agreed with to conduct or attempt to conduct "financial transactions affecting

2

interstate commerce";

3. Specific transaction dates in which the government alleges Mr. Workman made purchases with the proceeds of "the distribution for remuneration of marijuana";

4. Descriptions of the vehicles, real estate, and vacations that the government alleges Mr. Workman purchased with the proceeds of the distribution of marijuana;

5. The alleged facts establishing Mr. Workman's knowledge of the concealment of said vehicles, real estate and vacations;

6. The alleged facts establishing that Mr. Workman disguised the ownership of said vehicles, real estate and vacations.

(Id. at 3-4.)

The Government asserts that "[b]ut for some material such as Jencks and Roviaro evidence (which is not due to be disclosed until closer to trial), discovery material has been turned over to the defense." (Docket No. 91 at 1.) Furthermore, the Government states that it has provided copies of the "voluminous material" seized from Defendant himself to the defense. (Id. at 2.) Finally, the Government argues that "the defendant fails to show any unfair surprise, and he primarily requests us to identify 'overt acts' of the conspiracies, which are not elements of the offenses in the first place." (Id. at 3.)

### III. Analysis

"The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (citation and internal quotation marks omitted). The function of a bill of particulars is not to provided "detailed disclosure of the government's evidence in advance

3

of trial" but rather to supply "any essential detail which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973).

A bill of particulars "is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." United States v. Dunnigan, 944 F.2d 178, 181 (4th Cir. 1991), reversed on other grounds, 507 U.S. 87 (1993). An indictment is sufficient if it alleges the essential elements of the crime with which the defendant is charged in a manner that permits the defendant to prepare a defense and to avoid double jeopardy. See United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988). A bill of particulars is unnecessary as long as the indictment fulfills those purposes. United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989). When the indictment complies with those purposes, "[a] bill of particulars is not to be used to provide detailed disclosure for the government's evidence in advance of trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). This is particularly true when the indictment is complimented by discovery provided by the Government. See United States v. SIGMA, 624 F.2d 461, 466 (4th Cir. 1979).

Upon review, the undersigned finds that the Indictment is not so vague and indefinite as to permit surprise during Defendant's trial or to allow for a second prosecution based upon the same conduct. See Hooker, 841 F.2d at 1227. Furthermore, the Indictment is sufficient when reviewed in light of the copious discovery that the Government has already provided to Defendant in this matter. See SIGMA, 624 F.2d at 466; see also United States v. Najera, 585 F. App'x 185, 185 (4th Cir. 2014) (finding that the district court did not abuse its discretion in denying a motion for a bill of particulars because the Government provided full discovery and the defendant did not show that he suffered unfair surprise). In his motion, Defendant seeks to have the Government marshal its

evidence against him. Such is not the purpose of a bill of particulars. See Addonizio, 451 F.2d at 63-64, see also Automated Med. Labs., Inc., 770 F.2d at 405. Accordingly, Defendant's motion must be denied.

### IV.   Conclusion and Order

For the foregoing reasons, Defendant's "Motion for Bill of Particulars with Respect to Count 1 and Count 2 of the Indictment" (Docket No. 88) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order/Opinion to counsel of record.

DATED: June *10*, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE